United States District Court

Eastern District of California

Steven Lynn,

     Petitioner,                  No. Civ. S 04-2126 LKK PAN P

  vs.                              Order

A. K. Scribner,

     Respondent.

-oOo-

Petitioner, a state prisoner without counsel, seeks a writ of habeas corpus. See 28 U.S.C. § 2254. Respondent moves to dismiss upon the ground the petition is mixed. Petitioner opposes, seeking leave to file an amended petition and an order to hold these proceedings in abeyance while he exhausts available state remedies.

Petitioner was convicted of three robberies and of being a felon in possession of a firearm March 22, 2002. The appellate court affirmed June 20, 2003.

1    Petitioner filed a petition for review in the California
2 Supreme Court.  The court summarily denied review.
3    The trial and appellate courts summarily denied petitioner's
4 applications for habeas corpus relief.
5    Petitioner filed an application for a writ of habeas corpus
6 in the California Supreme Court.  The California Supreme Court
7 summarily denied habeas relief February 16, 2005, but it is
8 unclear what claims petitioner presented to that court.
9    A district court may not grant a petition for a writ of
10 habeas corpus unless "the applicant has exhausted the remedies
11 available in the courts of the State," or unless there is no
12 State corrective process or "circumstances exist that render such
13 process ineffective to protect the rights of the applicant."  28
14 U.S.C. § 2254(b)(1).  A petitioner satisfies the exhaustion
15 requirement by presenting the "substance of his federal habeas
16 corpus claim" to the state courts. Picard v. Connor, 404 U.S.
17 270, 278 (1971) (no exhaustion where the petitioner presented
18 operative facts but not legal theory to state courts); see also
19 Duncan v. Henry, 513 U.S. 364, 365 (1995)(to exhaust a claim, a
20 state court "must surely be alerted to the fact that the
21 prisoners are asserting claims under the United States
22 Constitution").  A claim is unexhausted if any state remedy is
23 available.  See O'Sullivan v. Boerckel, 526 U.S. 838 (1999)
24 (petitioner must seek discretionary review from state court of
25 last resort); Roberts v. Arave, 874 F.2d 528, 529 (9th Cir.
26 1988)(no exhaustion where state supreme court referred

1  petitioner's appeal of trial court's denial of post-conviction
2  relief to lower appellate court and petitioner failed to appeal
3  lower court's disposition of that appeal to state supreme court).
4  A mixed petition, viz., one containing exhausted and unexhausted
5  claims, must be dismissed.  Rose v. Lundy, 455 U.S. 509 (1982).
6       In the federal petition, petitioner claims: (1) use of
7  evidence petitioner previously committed an uncharged robbery
8  violated due process; (2) use of evidence petitioner was arrested
9  for being a felon in possession of a firearm violated due
10 process; (3) prohibiting petitioner from calling an important
11 witness violated the Sixth Amendment; (4) the conviction rests on
12 evidence obtained in an unconstitutional search and seizure; (5)
13 the trial court's refusal to direct the prosecution to identify
14 an informant violated due process; (6) failure to instruct the
15 jury to view inculpatory out-of-court statement with caution
16 denied petitioner a fair trial; and (7) failure properly to
17 instruct the jury on considering the allegation petitioner
18 personally used a firearm violated Apprendi v. New Jersey, 530
19 U.S. 466 (2000).
20      Respondents contend petitioner has not exhausted claims
21 four, five and six but the court cannot make such a finding
22 without knowing what claims petitioner presented to the
23 California Supreme Court in a habeas petition.
24      Petitioner moves to hold this action in abeyance while he
25 exhausts available state remedies with respect to claims of
26 prosecutorial misconduct, ineffective assistance of counsel and

unfair evidentiary rulings. The court will address the motion when it is clear what claims the California Supreme Court addressed in habeas proceedings.

Accordingly, within 30 days of the date this order is signed, petitioner shall file and serve notice of the claims he presented to the California Supreme Court on habeas.

Dated: April 26, 2005.

/s/ Peter A. Nowinski
PETER A. NOWINSKI
Magistrate Judge