United States District Court

Eastern District of California

Steven Lynn,

    Petitioner,	No. Civ. S 04-2126 LKK PAN P

  vs.	Findings and Recommendations

A. K. Scribner,

    Respondent.

-oOo-

Petitioner, a state prisoner without counsel, seeks a writ of habeas corpus. See 28 U.S.C. § 2254. Respondent moves to dismiss upon the ground the petition is mixed. Petitioner opposes and moves for leave to file an amended petition and an order to stay these proceedings while he exhausts available state remedies.

March 22, 2002, petitioner was convicted of three counts of robbery and of being a felon in possession of a firearm. The appellate court affirmed June 20, 2003. July 11, 2003,

petitioner filed a petition for review in the California Supreme Court.  September 10, 2003, that court summarily denied review.

September 3, 2003, petitioner filed a petition for a writ of habeas corpus in the trial court.  September 9, 2003, that court summarily denied relief.  November 19, 2003, petitioner filed an application for a writ of habeas corpus in the appellate court.  December 4, 2003, that court summarily denied relief.  March 26, 2004, petitioner filed a petition for a writ of habeas corpus in the California Supreme Court.  March 30, 2004, petitioner filed another petition for a writ of habeas corpus in the trial court and April 13, 2004, that court summarily denied relief.

March 30, 2004, petitioner filed an amended petition in the California Supreme Court.  The California Supreme Court summarily denied relief February 16, 2005.

A district court may not grant a petition for a writ of habeas corpus unless "the applicant has exhausted the remedies available in the courts of the State," or unless there is no State corrective process or "circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1).  A petitioner satisfies the exhaustion requirement by presenting the "substance of his federal habeas corpus claim" to the state courts.  Picard v. Connor, 404 U.S. 270, 278 (1971) (no exhaustion where the petitioner presented operative facts but not legal theory to state courts); see also Duncan v. Henry, 513 U.S. 364, 365 (1995)(to exhaust a claim, a state court "must surely be alerted to the fact that the

2

prisoners are asserting claims under the United States Constitution"). A claim is unexhausted if any state remedy is available. See O'Sullivan v. Boerckel, 526 U.S. 838 (1999) (petitioner must seek discretionary review from state court of last resort); Roberts v. Arave, 874 F.2d 528, 529 (9th Cir. 1988)(no exhaustion where state supreme court referred petitioner's appeal of trial court's denial of post-conviction relief to lower appellate court and petitioner failed to appeal lower court's disposition of that appeal to state supreme court). A mixed petition, viz., one containing exhausted and unexhausted claims, must be dismissed. Rose v. Lundy, 455 U.S. 509 (1982).

In the federal petition, petitioner claims: (1) use of evidence petitioner previously committed an uncharged robbery violated due process; (2) use of evidence that petitioner was arrested for being a felon in possession of a firearm violated due process; (3) prohibiting petitioner from calling a witness violated the Sixth Amendment; (4) the conviction rests on evidence obtained by an unconstitutional search and seizure; (5) the trial court's refusal to require the prosecution identify an informant violated due process; (6) failure to instruct the jury to view inculpatory out-of-court statement with caution denied petitioner a fair trial; and (7) failure properly to instruct the jury how to consider the allegation petitioner personally used a firearm violated Apprendi v. New Jersey, 530 U.S. 466 (2000).

Respondent asserts the California Supreme Court has not ruled on petitioner's fourth, fifth and sixth claims.

1     Petitioner's March 30, 2004, amended petition in the
2 California Supreme Court included claims four, five and six and
3 that court denied relief February 16, 2005.  I find petitioner
4 has exhausted available state remedies with respect to claims
5 four, five and six.
6     For these reasons, respondent's February 18, 2005, motion to
7 dismiss should be denied, petitioner's January 24, 2005, motion
8 to stay this action should be denied and respondent should be
9 directed to file and serve an answer to the petition within 30
10 days.
11     Pursuant to the provisions of 28 U.S.C. § 636(b)(1), these
12 findings and recommendations are submitted to the United States
13 District Judge assigned to this case.  Written objections may be
14 filed within 20 days of service of these findings and
15 recommendations.  The document should be captioned "Objections to
16 Magistrate Judge's Findings and Recommendations."  The district
17 judge may accept, reject, or modify these findings and
18 recommendations in whole or in part.
19     Dated:  August 9, 2005.

                /s/ Peter A. Nowinski
                PETER A. NOWINSKI
                Magistrate Judge