IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN LYNN,

    Petitioner,                         No. CIV S-04-2126 ALA HC

    vs.

A.K. SCRIBNER, Warden,              ORDER

    Respondent.

_____/

    Pending before the court are Steven Lynn's ("Petitioner") application for writ of habeas corpus (doc. 4), and Respondent's Answer (doc. 24).[1] For the reasons stated below, Petitioner's application is denied.

/////

/////

---

[1] The parties refer to the first petition docketed in this case as Petitioner's "First Amended Petition." As the court's November 22, 2004 order indicates, what Petitioner labeled as an amended petition was in fact his original petition. That petition has never been amended. Also, the original petition was filed with a cover sheet labeled "Motion and Request to File this First Amended Petition for Writ of Habeas Corpus." This "motion" suggests that Petitioner sought to return to state court to exhaust several grounds for habeas relief. This document merely mentions the existence of additional grounds for habeas relief. It does not bring those claims before the court. As such, it does not give rise to "mixed petition" concerns. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982) (emphasizing that claims before a court that are unexhausted trigger mixed petition concerns).

**I**

Petitioner was one of two men involved in an armed robbery at an Albertson's grocery store in Yuba City, California. Petitioner and his accomplice robbed three of the store's cashiers. At trial, witnesses identified Petitioner and his accomplice as the robbers. The kind of ammunition in the gun Petitioner pulled out during the robbery was also found in Petitioner's camper trailer, along with an Albertson's plastic bag. Petitioner's accomplice pled guilty to all the charges against him.

In 2002, a jury in Sutter County Superior Court convicted Petitioner of three counts of second degree robbery with personal use of a firearm, possession of a firearm by a felon, and petty theft with personal use of a firearm. That court found that Petitioner had previously suffered four prior serious felony robbery convictions. As a result, Petitioner was sentenced to an indeterminate term of one hundred fifteen years to life.

Petitioner appealed. The California Court of Appeal affirmed the Superior Court's judgment. Petitioner's request for review of the California Court of Appeal's decision was denied by the California Supreme Court.

On November 30, 2004, Petitioner filed a *pro se* application for writ of habeas corpus in this court. Therein, he challenges his conviction and sentence under 28 U.S.C. § 2254, and asserts seven grounds for habeas relief.

**II**

Federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

2

**A**

Petitioner first claims that his conviction was obtained by the improper introduction of two pieces of evidence.[2]

**1**

Petitioner argues that the trial court erred in allowing the prosecution to introduce evidence that Petitioner was involved in a 1986 Nevada robbery for purposes of showing intent and a common plan and scheme.

The court construes this contention as an allegation that the introduction of evidence violates due process. A federal court cannot disturb a state court's decision to admit evidence on due process grounds unless the admission of the evidence was "arbitrary or so prejudicial that it rendered the trial fundamentally unfair." *See Walters v. Maass*, 45 F.3d 1355, 1357 (9th Cir. 1995). To grant relief on this ground, a federal habeas court must find that the error had "a substantial and injurious effect on the verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993).

We need not determine whether it was error to admit this evidence because the state court's decision did not render the trial fundamentally unfair. Ample evidence established Petitioner's participation in the robbery for which he was convicted. Two witnesses positively identified Petitioner as one of the robbers, and substantial additional evidence linked Petitioner to his co-defendant, whose involvement in the robbery was undisputed. RT at 215. Given the overwhelming amount of evidence against Petitioner, the trial court's admission of the 1986 Nevada robbery cannot be said to have had a substantial and injurious effect on the verdict.

---

[2] Respondent argues that Petitioner failed to exhaust these grounds. "A federal court may deny an unexhausted petition on the merits only when it is perfectly clear that the applicant does not raise even a colorable federal claim." *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). The record contains no evidence that Petitioner raised constitutional challenges to his improper introduction of evidence claims in the state courts. However, because his claims are not colorable, we are authorized to deny them.

3

**2**

Petitioner next argues that his conviction was obtained by the improper introduction of evidence relating to his arrest for gun possession ten days prior to the robbery for which he was tried. Petitioner asserts that the evidence was irrelevant. The trial court found that the evidence was relevant, and further, that under California Evidence Code section 352, the evidence was not unduly prejudicial. Admission of irrelevant evidence is not per se unconstitutional. To prevail, Petitioner must demonstrate that admission of this evidence rendered his trial fundamentally unfair. *Walters,* 45 F.3d at 1357. Petitioner has not met his burden, and therefore, this claim is denied.

**B**

Petitioner next asserts that he was denied the right to present a defense at trial. Specifically, he argues that the trial court denied his right to present a defense when it denied his request to present testimony from a witness who prepared one of his tax returns.

Criminal defendants have a constitutional right, implicit in the Sixth Amendment, to present a defense; this right is "a fundamental element of due process of law." *Washington v. Texas*, 388 U.S. 14, 19 (1967). *See also Crane v. Kentucky*, 476 U.S. 683, 687-690 (1986); *California v. Trombetta*, 467 U.S. 479, 485 (1984); *Webb v. Texas*, 409 U.S. 95, 98 (1972). The constitutional right to present a defense, however, is not unfettered. *Alcala v. Woodford*, 334 F.3d 862, 877 (9th Cir. 2003). "Even relevant and reliable evidence can be excluded when the state interest is strong." *Perry v. Rushen*, 713 F.2d 1447, 1450 (9th Cir. 1983). Thus,

> [w]here evidence has been excluded pursuant to a state evidentiary law, we use a balancing test: In weighing the importance of evidence offered by a defendant against the state's interest in exclusion, the court should consider the probative value of the evidence on the central issue; its reliability; whether it is capable of evaluation by the trier of fact; whether it is the sole evidence on the issue or merely cumulative; and whether it constitutes a major part of the attempted defense. A court must also consider the purpose of the [evidentiary] rule; its importance; how well the rule implements its purpose; and how well the purpose applies to the case at hand. The court must give due weight to the substantial

4

> state interest in preserving orderly trials, in judicial efficiency,
> and in excluding unreliable or prejudicial evidence.

/////

*Alcala*, 334 F.3d at 877 (quoting *Miller v. Stagner*, 757 F.2d 988, 994 (9th Cir. 1985)). A state law justification for exclusion of evidence does not abridge a criminal defendant's right to present a defense unless it is "arbitrary or disproportionate" and "infringe[s] upon a weighty interest of the accused." *United States v. Scheffer*, 523 U.S. 303, 308 (1998). *See also Crane*, 476 U.S. at 689-91 (discussion of the tension between the discretion of state courts to exclude evidence at trial and the federal constitutional right to "present a complete defense"); *Greene v. Lambert*, 288 F.3d 1081, 1090 (9th Cir. 2002).

California Evidence Code section 350 provides that only relevant evidence is admissible. Petitioner's witness's testimony was irrelevant to his case. Petitioner sought to introduce testimony from a person who prepared his 2000 tax return to rebut a witness's testimony that described Petitioner as a transient. Petitioner's witness's testimony did not address Petitioner's appearance on the day of the Albertson's robbery. The trial court was entitled to exclude Petitioner's evidence pursuant to California Evidence Code section 350. Petitioner's witness's proposed testimony had no probative value. The state has a substantial interest in excluding irrelevant evidence. Therefore, Petitioner is not entitled to habeas relief on this ground.

**C**

Petitioner next claims evidence obtained pursuant to an unconstitutional search and seizure contributed to his conviction. He argues that the evidence found in his camper trailer should have been suppressed because the warrant did not adequately describe the camper trailer.

Petitioner's unconstitutional search and seizure claim is barred. *See Stone v. Powell*, 428 U.S. 465, 481-82 (1976) ("Where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that the evidence obtained in an unconstitutional search and seizure was introduced at his trial.").

In *Stone*, the Supreme Court held that the defendants were not entitled to federal habeas relief on Fourth Amendment grounds if they were able to fully litigate their Fourth Amendment claims in state court. *Id.* Here, California provided Petitioner the opportunity to litigate his Fourth Amendment claim. The trial court denied Petitioner's motion to suppress the search warrant and the California Court of Appeal upheld the trial court's denial of Petitioner's motion to suppress. Therefore, because Petitioner has been provided an opportunity for full and fair litigation of his Fourth Amendment claim, this claim is denied on federal habeas review.

**D**

Petitioner next argues that he was unconstitutionally denied the right to confront a witness. He claims that the trial court erred when it denied his motion to compel disclosure of the identity of a confidential police informant. "The Government's privilege to withhold the identity of an informant gives way only if disclosure 'is relevant and helpful to the defense of an accused, or is essential to a fair determination of cause . . . '" *Roviaro v. United States*, 353 U.S. 53, 60-61 (1957).

Petitioner has not demonstrated that nondisclosure of the confidential police informant's identity deprived him of a fair trial. Also, although Petitioner alleges that the informant committed the robbery, and not Petitioner, he offers no evidence to support this theory or otherwise suggest that the testimony would have been relevant and helpful. Therefore, this claim is denied.

**E**

Finally, Petitioner alleges three claims concerning jury instructions.

To warrant habeas relief, a jury instruction "cannot be merely undesirable, erroneous, or even universally condemned, but must violate some due process right guaranteed by the fourteenth amendment." *Prantil v. California*, 843 F.2d 314, 317 (9th Cir. 1988) (citing *Cupp v. Naughten*, 414 U.S. 141, 146 (1973)). The Petitioner in a habeas proceeding has the burden of demonstrating that an erroneous instruction "so infected the entire trial that the resulting

conviction violates due process." *Id.*  A trial is "so infected with unfairness" so as to rise to the level of a due process violation if an error had "a substantial and injurious effect" on the outcome. *Brecht,* 507 U.S. at 623.  *See Thomas v. Hubbard*, 273 F.3d 1164, 1179 (9th Cir. 2001), overruled on other grounds by *Payton v. Woodford*, 299 F.3d 815, 828 n.11 (9th Cir. 2002).

**1**

Petitioner first argues that the trial court erred when it failed to instruct the jury sua sponte with CALJIC No. 2.71[3].  However, Petitioner has not alleged that this purported error "so infected" his trial that the result was unfair.  Therefore, because Petitioner has not met his burden, he is not entitled to habeas relief on this ground.

**2**

Petitioner also maintains that the instructions the trial court gave on personal use of a firearm, CALJIC No. 17.19[4] and the instructions on aiding and abetting, CALJIC No. 3.00[5], taken together, suggested that a juror could find the firearm allegation to be true based on something that is not actually "personal use."  Petition at 6(a).  Again, Petitioner fails to explain

---

[3] CALJIC No. 2.71 reads: "An admission is a statement made by [a] [the] defendant which does not by itself acknowledge [his] [her] guilt of the crime[s] for which the defendant is on trial, but which statement tends to prove [his] [her] guilt when considered with the rest of the evidence.  You are the exclusive judges as to whether the defendant made an admission, and if so, whether that statement is true whole or in part. [Evidence of an oral admission of [a] [the] defendant not made in court should be viewed with caution.]"

[4] CALJIC No. 17.19 reads: "If you find the defendant[s] guilty of [one or more of] the crime[s] charged [or an attempt to commit crime[s] charged] [or lesser and included felony offense], you must determine whether the defendant[s] personally used a firearm in the commission of [that] [those] [felony] [felonies] . . . The term "personally used a firearm," as used in this instruction, means that the defendant must have intentionally displayed a firearm in a menacing manner, intentionally fired it, or intentionally struck or hit a human being with it."

[5] CALJIC No. 3.00 reads: "Persons who are involved in [committing] [or] [attempting to commit] a crime are referred to as principles in that crime.  Each principal, regardless of the extent or manner of participation is equally guilty.  Principals include: 1. Those who directly and actively [commit] [or] [attempt to commit] the act constituting the crime, or 2. Those who aid and abet the [commission] [or] [attempted commission] of the crime."

7

1  how this alleged error infected the outcome of his trial. The instructions are clear that the jury
2  could only impose the personal firearm enhancement if it determined Petitioner personally and
3  intentionally used a firearm in the crime. The instructions are not contradictory and there is no
4  indication that the jury struggled to understand them. Thus, Petitioner is not entitled to habeas
5  relief on this ground.

**3**

7  Petitioner next argues that the trial court erred when it failed to instruct the jury sua
8  sponte on an enhancement for being armed with a firearm as being a lesser included
9  enhancement of the enhancements charged. Petitioner's argument fails. He has not met his
10 burden of demonstrating that the failure of this jury instruction so infected his trial that the
11 outcome was unfair. Therefore, Petitioner is not entitled to habeas relief on this ground.

## CONCLUSION

13 In accordance with the above, IT IS HEREBY ORDERED that Petitioner's application
14 for habeas corpus relief (doc. 4) is denied.
15 /////
16 DATED: February 19, 2008

                    /s/ Arthur L. Alarcón
                    UNITED STATES CIRCUIT JUDGE
                    Sitting by Designation